GMP:MPR/CRH/RCH
F. #2016R02162/OCDETF #NYNYE-801

FILED
CLERK

2016 DEC 22 AM 10: 24

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FRANCISCO CANIZALES-RAMIREZ and ▮

Defendants.

- - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 16- 658**
(T. 21, U.S.C., §§ 841(b)(1)(A)(i), 846, 853(a), 853(p), 959(d), 960(b)(1)(A) and 963; T. 18, U.S.C., §§ 3238 and 3551 et seq.)

**AMON, J.**

**ORENSTEIN, M.J.**

THE GRAND JURY CHARGES:

COUNT ONE
(International Heroin Distribution Conspiracy)

1. In or about and between July 2016 and December 2016, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants FRANCISCO CANIZALES-RAMIREZ and ▮ together with others, did knowingly and intentionally conspire to distribute one or more controlled substances, intending, knowing and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of heroin involved in the conspiracy attributable to each defendant as a result of his own conduct, and

the conduct of other conspirators reasonably foreseeable to him, was at least one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 963, 960(b)(1)(A) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(Heroin Importation Conspiracy)

2. In or about and between July 2016 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCISCO CANIZALES-RAMIREZ and ███████████, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1). The amount of heroin involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 963 and 960(b)(1)(A); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Heroin Distribution Conspiracy)

3. In or about and between July 2016 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCISCO CANIZALES-RAMIREZ and ███████████

2

together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).  The amount of heroin involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(i); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4.   The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

5.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third party;

    (c)   has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*Robert Heffernan*
_____
FOREPERSON


ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

4

F. #2016R02162/OCDETF #NYNYE-801
FORM DBD-34
JUN. 85

No. 

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

FRANCISCO CANIZALES-RAMIREZ and ███

Defendants.

# INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(i), 846, 853(a), 853(p), 959(d), 960(b)(1)(A) and 963; T. 18, U.S.C., §§ 3238 and 3551 et seq.)

A true bill.

_Robert Hoffmann_
_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ___

_____
Clerk

Bail, $ _____

Michael P. Robotti, Assistant U.S. Attorney (718) 254-7576
Craig R. Heeren, Assistant U.S. Attorney (718) 254-6467
Ryan C. Harris, Assistant U.S. Attorney (718) 254-6489