MPR:ANW
F. # 2019V01241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

FRANCISCO CANIZALES-RAMIREZ,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 16–CR-658 (CBA)
(Related to 19-CV-779 (CBA))

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, PURSUANT TO 28 U.S.C. § 2255

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Alicia N. Washington
Assistant U.S. Attorney
   (Of Counsel)

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................ 1

I.   STATEMENT OF FACTS ..................................................................................... 1

     A.   Background ................................................................................................ 1

     B.   Pre-Trial Proceedings .............................................................................. 2

     C.   Sentencing ................................................................................................ 6

     D.   The Instant Collateral Challenge ........................................................... 7

II.  THE PETITIONER WAIVED HIS RIGHT TO COLLATERALLY
     ATTACK HIS CONVICTION AND SENTENCE ................................................... 8

     A.   Legal Standard ......................................................................................... 8

     B.   The Petitioner Waived His Right to File a § 2255 Petition ................... 9

III. THE   PETITIONER'S   INEFFECTIVE   ASSISTANCE   OF
     COUNSEL CLAIMS LACK MERIT AND SHOULD BE DENIED ....................... 11

     A.   Legal Standard ....................................................................................... 11

     B.   The Petitioner's Claims of Ineffective Assistance Should Be
          Denied ..................................................................................................... 13

          1.   The Petitioner's Claim That Counsel Failed to Provide
               Documents or Pursue Discovery or Conduct An Investigation Is
               Meritless ........................................................................................ 13

               a.   Applicable Law ................................................................... 13

               b.   Discussion ........................................................................... 14

          2.   The Petitioner's Claim That Counsel Promised Him a Lower
               Sentence is Meritless .................................................................... 15

               a.   Applicable Law ................................................................... 16

               b.   Discussion ........................................................................... 16

          3.   The Petitioner's Claim That Counsel Failed to File a Notice of
               Appeal is Meritless ....................................................................... 17

a.   Applicable Law ........................................................................ 17

b.   Discussion ............................................................................... 18

CONCLUSION ............................................................................................... 19

TABLE OF AUTHORITIES

Page

CASES

Anders v. California,
    386 U.S. 738 (1967) ........................................................................................ 17

Bossous v. United States,
    No. 11-CV-5303, 2012 WL 4435312 (S.D.N.Y. Sep. 26, 2012) ........................................ 8

Campusano v. United States,
    442 F.3d 770 (2d Cir. 2006) ........................................................................ 17, 18

Chang v. United States,
    250 F.3d 79 (2d Cir. 2001) ............................................................................ 18

Cuevas v. Henderson,
    801 F.2d 586 (2d Cir. 1986) ........................................................................... 12

Garcia-Santos v. United States,
    273 F.3d 506 (2d Cir. 2001) ......................................................................... 8, 9

Gonzalez v. United States,
    722 F.3d 118 (2d Cir. 2013) ................................................................... 12, 13, 18

Greiner v. Wells,
    417 F.3d 305 (2d Cir. 2005) ...................................................................... 13, 14

Haouari v. United States,
    510 F.3d 350 (2d Cir. 2007) ........................................................................... 13

Hemstreet v. Greiner,
    491 F.3d 84 (2d Cir. 2007) ............................................................................ 12

Hernandez v. United States,
    202 F.3d 486 (2d Cir. 2000) ........................................................................... 19

Kimmelman v. Morrison,
    477 U.S. 365 (1986) ................................................................................ 11, 12

Lynn v. Bliden,
    443 F.3d 238 (2d Cir. 2006) ........................................................................... 12

McPherson v. Coombe,
    174 F.3d 276 (2d Cir. 1999) ............................................................................ 1

Monserrate v. United States,
    Nos. 10-CR-965/13-CV-8767, 2014 WL 7179628 (S.D.N.Y. Dec. 10, 2014) ................. 15

Pham v. United States,
    317 F.3d 178 (2d Cir. 2003) ............................................................... 12

Ramirez-Hernandez v. United States,
    No. 09-CV-4107, 2012 WL 1838286 (E.D.N.Y. May 21, 2012)....................................... 10

States v. Gaskin,
    364 F.3d 438 (2d Cir. 2004) ............................................................... 11

Strickland v. Washington,
    466 U.S. 668 (1984).................................................................... 11, 12

Teyer v. United States,
    194 F. Supp. 3d 298 (S.D.N.Y. 2016) ................................................... 1

United States v. Aguirre,
    912 F.2d 555 (2d Cir. 1990) ............................................................... 12

United States v. Aiello,
    814 F.2d 109 (2d Cir. 1987) ............................................................... 13

United States v. Arevalo,
    628 F.3d 93 (2d Cir. 2010) ............................................................... 8

United States v. Caracappa,
    614 F.3d 30 (2d Cir. 2010) ........................................................... 13, 14

United States v. Hernandez,
    202 F.3d 486 (2d Cir. 2000) ............................................................... 17

United States v. Hernandez,
    242 F.3d 110 (2d Cir. 2001) ............................................................ 9, 10

United States v. Martinez-Solorzano,
    No. 15-CR-545 (CBA)..................................................................... 15

United States v. Riggi,
    649 F.3d 143 (2d Cir. 2011) ............................................................... 8

Ventura v. Meachum,
    957 F.2d 1048 (2d Cir. 1992) ............................................................. 16

Yannai v. United States,
    Nos. 10-CR-594/17-CV-1738 (ERK), 346 F. Supp. 3d 336 (E.D.N.Y. 2018)................... 14

<u>STATUTES</u>

21 U.S.C. § 841.................................................................................................. 2

21 U.S.C. § 960.................................................................................................. 2

28 U.S.C. § 2255.............................................................................................. 12

## PRELIMINARY STATEMENT

Francisco Canizales-Ramirez ("Canizales-Ramirez" or the "Petitioner") filed a pro se habeas corpus petition, pursuant to 28 U.S.C. § 2255, alleging, among other things, ineffective assistance of counsel. Canizales-Ramirez asserts that he received ineffective assistance of counsel in connection with both his plea and sentencing, and because his appointed counsel failed to file a timely notice of appeal.[1] Canizales-Ramirez is currently serving a 68-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. For the following reasons, the government respectfully requests that the Court deny Canizales-Ramirez's petition without a hearing.

## I.   STATEMENT OF FACTS

### A.   Background

In July 2016, Canizales-Ramirez agreed to receive approximately one kilogram of heroin in Columbus, Ohio, for further distribution, on behalf of a violent Mexican drug trafficking organization (the "DTO") based in Nayarit and Sinaloa, Mexico. At the time, Drug Enforcement Administration ("DEA") agents were intercepting, pursuant to a court order, the electronic communications of members of the DTO. Agents intercepted information on July 26, 2016, regarding an imminent shipment of heroin to Columbus, Ohio. (Presentence Investigation Report ("PSR") ¶ 4.) Agents learned that senior members of the

---

[1] The government liberally construes the Petitioner's pro se motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (explaining that pro se filings must be construed liberally and interpreted "to raise the strongest arguments that they suggest"); Teyer v. United States, 194 F. Supp. 3d 298, 299 (S.D.N.Y. 2016) (construing pro se motion filed pursuant to 28 U.S.C. § 2255 liberally).

DTO based in Mexico exchanged a cellular telephone number to indicate the contact information for the person responsible for receiving the heroin in Columbus.  (PSR ¶ 4.) Agents subsequently identified Canizales-Ramirez as the user of that cellular telephone number.  (PSR ¶ 5-11.)

Moreover, telephone records revealed that on July 29, 2016, Canizales-Ramirez had been in contact with a narcotics courier 11 times, all but one of which occurred within a one-hour period that day, and then subsequently left Columbus on a rapid cross-country trip to the New York City area.  (PSR ¶ 7-9.)  On July 31, 2016, DEA agents interdicted the narcotics courier on a bus in Albuquerque, New Mexico, seizing approximately $8,000 in United States currency, which is consistent with a courier fee.  (PSR ¶ 8.)  The agents also discovered vacuum-sealed currency located in a false compartment built into the bottom of the courier's suitcase.  This compartment also contained evidence of narcotics packaging materials.  (PSR ¶ 8.)

B.    Pre-Trial Proceedings

On December 22, 2016, a grand jury sitting in the Eastern District of New York returned an indictment against Canizales-Ramirez, charging him with three counts: (1) international heroin distribution conspiracy, in violation of 21 U.S.C. §§ 963, 960(b)(1)(A) and 959(d); (2) heroin importation conspiracy, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(A); and (3) heroin distribution conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i).  (ECF No. 4.)  Canizales-Ramirez faced a statutory mandatory minimum of 10 years' imprisonment on each count.  See 21 U.S.C. §§ 841(b)(1)(B)(i), 960(b)(1)(A).  On August 22, 2017, Canizales-Ramirez was arrested in Columbus, Ohio to face the charges pending in the Eastern District of New York.  (PSR ¶ 17.)

On September 21, 2017, Canizales-Ramirez was arraigned in the Eastern District of New York.  (ECF No. 7.)  At the arraignment, United States Magistrate Judge Vera M. Scanlon appointed Jean D. Barrett ("Barrett"), as Criminal Justice Act ("CJA") counsel, to represent Canizales-Ramirez (ECF No. 6.)  The government provided discovery to the defendant on October 16, 2017 and January 23, 2018.  (ECF No. 15, 26.)  On January 23, 2018, Barrett sought to withdraw as counsel, after Canizales-Ramirez requested new counsel.  (ECF No. 27.)

A week later, on January 30, 2018, the Court granted Canizales-Ramirez's motion and appointed Eric M. Creizman ("Creizman") as counsel to Canizales-Ramirez pursuant to the CJA.  (ECF No. 32.)  Creizman represented Canizales-Ramirez for the remainder of the proceedings, including at Canizales-Ramirez's change of plea hearing and sentencing.  Prior to Canizales-Ramirez pleading guilty, as described below, the government provided him with additional discovery, (ECF Nos. 36, 39, 49, 53, 54, 56, 57), and disclosed materials pursuant to 18 U.S.C. § 3500.  The parties also engaged in motion practice prior to the change of plea hearing, which included Creizman filing a motion for disclosure, a bill of particulars and motion to amend a protective order.  (ECF No. 49, 45, 52, 55.)

On April 27, 2018, on the eve of trial, Canizales-Ramirez pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the indictment, which charged him with conspiracy to distribute and possess with intent to distribute heroin.[2]

---

[2] By pleading to a lesser-included offense, Canizales-Ramirez faced a five-year mandatory minimum sentence, as opposed to a ten-year mandatory minimum.  (Plea Tr. 2:18–3:2.)

(Plea Agreement ¶ 1.)[3]  Creizman and his co-counsel Melissa Madrigal were present during the change of plea hearing.  (Plea Tr. 2:4–5.)[4]  A Spanish interpreter was also present and sworn.  (Plea Tr. 2:9–12.)  Prior to the plea colloquy, Canizales-Ramirez was sworn under oath to tell the truth.  (Plea Tr. 3:3–18.)  The Court then confirmed that Canizales-Ramirez was capable of understanding the nature of the proceedings and clear of mind.  (Plea Tr. 3:19–4:16.)  The Court also confirmed that Canizales-Ramirez had enough time to discuss his decision to enter a guilty plea, was satisfied with his counsel and understood the charge to which he was pleading guilty.  (Plea Tr. 5:1–6:15.)  After the Court advised Canizales-Ramirez of the rights that he would be giving up by pleading guilty, the following exchange occurred between the Court and Canizales-Ramirez:

> THE COURT: All right. Mr. Canizales-Ramirez, was this plea agreement translated to you?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And did you sign it?
>
> THE DEFENDANT:  Yes.
>
> THE COURT: Now before you signed it, did you have an opportunity to talk to your lawyer about the various provisions in the agreement?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Do you understand the provisions in the plea agreement?
>
> THE DEFENDANT: Yes.

---

[3] The plea agreement is attached hereto as Exhibit A.  A copy of the plea agreement will be filed by hand only.

[4] The plea transcript is attached hereto as Exhibit B.

> THE COURT:  Is there anything at all that is not clear now that you need explained in any further detail to you before we proceed?
>
> THE DEFENDANT:  Everything is clear.

(Plea Tr. 9:10–25.)

The Court then focused Canizales-Ramirez's attention on paragraph four of the plea agreement, which provided that he agreed not to appeal or otherwise challenge his conviction or sentence if the Court imposed a term of imprisonment of 97 months or below. (Plea Tr. 10:4–22.)  The Court then confirmed that Canizales-Ramirez was acting voluntarily in giving up his right to appeal or challenge his conviction or sentence.  (Plea Tr. 10:23–25.) Next, the Court confirmed that Canizales-Ramirez understood the maximum sentence (40 years' imprisonment) and the minimum sentence (5 years' imprisonment) that he faced upon his plea of guilty, the deportation consequences of his guilty and the estimated applicable United States Sentencing Guidelines ("Guidelines") range (78 to 97 months' imprisonment). (Plea Tr. 11:1-10, 13:4-14:14.)

Finally, Canizales-Ramirez entered a plea of guilty and confirmed that he was neither forced to plead guilty nor promised what his sentence would be.   (Plea Tr. 15:17-16:5.)   Canizales-Ramirez then explained his role in the charged narcotics distribution conspiracy:

> THE DEFENDANT:  During the period between July and December of 2016, I agreed with others to participate in the distribution of at least 100 grams of heroin and I understood that the heroin could be distributed in any place within the United States, including Brooklyn, New York.

> THE COURT:  Can you tell me what your role was in this transaction?  You said you agreed with other people to distribute heroin; correct?
>
> THE DEFENDANT:  Yes.
>
> THE COURT: So what did you do in connection with this heroin conspiracy? What actions did you take to make it successful?
>
> . . .
>
> THE DEFENDANT:  Well, I was offered to keep it and then give it to someone else and that person was going to take it to other places.
>
> THE COURT:  So you agreed with another person to give heroin to someone else, who was then going to take it and distribute it to other places?
>
> THE DEFENDANT:  Yes.

(Plea Tr. 16:18–17:14.)  The Court accepted Canizales-Ramirez's guilty plea.  (ECF No. 68, Plea Tr. 17:21–18:1.)

### C.    Sentencing

On August 17, 2018, the parties appeared before the Court for Canizales-Ramirez's sentencing.  At sentencing, Creizman appeared on behalf of Canizales-Ramirez (Sentencing Tr. 02:11–12.)[5]  A Spanish translator was present and sworn.  (Sentencing Tr. 2:5.)  Before imposing its sentence, the Court confirmed that Canizales-Ramirez had reviewed the PSR with defense counsel.  The following exchange occurred between the Court and the Petitioner:

> THE COURT:  Okay.  All right. Mr. Canizales-Ramirez, was the presentence report translated to you?

---

[5] The sentencing transcript is attached hereto as Exhibit C.

THE DEFENDANT:  Yes, it was.

THE COURT:  Did you have an adequate opportunity to discuss the contents of that report with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied to have him represent you?

THE DEFENDANT:  Yes.

(Sentencing Tr. 4:8–14.)  After hearing argument from the government and Creizman, and a statement from Canizales-Ramirez (during which he again acknowledged his guilt), the Court imposed 68 months' imprisonment.  (ECF Nos. 75-76, Sentencing Tr. 12:16–18.) Finally, the Court reminded Canizales-Ramirez that he waived his right to appeal under the circumstances but nevertheless that if he believed that there was a basis to appeal, a notice of appeal needed to be filed within 14 days.  (Sentencing Tr. 13:16-22.)

D.     The Instant Collateral Challenge

On February 5, 2019, Canizales-Ramirez timely filed a pro se habeas corpus petition,[6] principally alleging ineffective assistance of counsel in connection with his plea and sentence.  First, Canizales-Ramirez claims that his counsel failed to provide him with any of the case filings including the criminal complaint,[7] indictment, transcripts, discovery documents, and the PSR, and failed to pursue discovery or conduct an investigation.  (Pet. Br. at 1–2, 4.)  Second, Canizales-Ramirez claims that his counsel improperly advised him of

---

[6] The petition is styled on the cover page as a petition to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255.  However, on page four of the petition, Canizales-Ramirez requests that the Court to set aside his judgment of conviction.  For the reasons stated in footnote 1, above, the government liberally construes the petition as a motion to set aside or vacate Canizales-Ramirez's conviction and sentence.

[7] No criminal complaint was ever filed against Canizales-Ramirez in this case.

the sentencing consequences of pleading guilty.  (Pet. Br. at 2.)  Third, Canizales-Ramirez

claims that his counsel failed to file a timely notice of appeal.  (Pet. Br. at 4–5.)

## II.     THE PETITIONER WAIVED HIS RIGHT TO COLLATERALLY ATTACK HIS CONVICTION AND SENTENCE

To the extent that the Petitioner raises any claims other than ineffective

assistance of counsel, the Court should deny those claims outright because he voluntarily

waived his right to collaterally attack his conviction and sentence.[8]

### A.     Legal Standard

A petitioner's knowing and voluntary waiver of the right to collaterally attack

a sentence within or below a stipulated Guidelines range is presumptively enforceable.  See

Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001); cf. United States v. Riggi,

649 F.3d 143, 147 (2d Cir. 2011) (addressing waivers to appeal); United States v. Arevalo,

628 F.3d 93, 98 (2d Cir. 2010) (addressing waivers to appeal).  The Second Circuit generally

construes plea agreements "according to contract law principles."  Riggi, 649 F.3d at 147

(quoting United States v. Yemitan, 70 F.3d 746, 747 (2d Cir. 1995)).

To determine the voluntariness of a waiver to collaterally attack a conviction

or sentence, courts consider various factors, including whether the defendant: (1) signed the

plea agreement; (2) stated during the plea colloquy that he had read and understood the plea

agreement; and (3) failed to assert, at the time of his plea or petition, that he did not

understand the plea agreement's waiver clause.  See Garcia-Santos, 273 F.3d at 508; Bossous

v. United States, No. 11-CV-5303, 2012 WL 4435312, at *3 (S.D.N.Y. Sep. 26, 2012).

_____

[8] As discussed below, the waiver does not apply to ineffective assistance of counsel claims.

B.     The Petitioner Waived His Right to File a § 2255 Petition

Here, the Petitioner waived his right to collaterally attack his conviction and sentence.  First, the Petitioner's signed plea agreement contains an express, binding provision in which he waived his right to appeal or collaterally attack his sentence if the Court sentenced him to 97 months' imprisonment or below.  (Plea Agreement ¶ 4.)

Moreover, during the Petitioner's April 27, 2018, change of plea hearing, he told the Court, under oath and through a Spanish translator, that the plea agreement had been translated for him, that he discussed it with counsel, signed it and understood its provisions. (Plea Tr. 9:10–20.)  Indeed, when the Court specifically explained that any sentence of 97 months or below would result in a waiver of his right to appeal or otherwise collaterally attack his sentence, the Petitioner confirmed that he understood that provision.  (Plea Tr. 10:4–22.)  Canizales-Ramirez's clear-headed conduct and statements during the change of plea hearing, and subsequent sentencing, demonstrates the voluntariness of his waiver, and that he understood the details of the bargain and freely entered into it.

Finally, in his petition, Canizales-Ramirez does not assert that he misunderstood the waiver to collaterally attack his conviction and sentence.  He only claims, implicitly, that he is not barred from bringing the instant petition because of his defense counsel's alleged ineffective assistance of counsel.  (Pet. Br. at 3–4.)  A waiver of collateral attack is unenforceable if entered into by a defendant without the effective assistance of counsel.  See Garcia-Santos, 273 F.3d at 509 (explaining that waivers of the right to collaterally attack a sentence are enforceable under the same conditions as waivers of direct appeal rights); cf. United States v. Hernandez, 242 F.3d 110, 113–14 (2d Cir. 2001) (suggesting that "a plea agreement containing a waiver of the right to appeal is not

9

enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel").  However, to defeat a waiver of collateral attack on the ground of ineffective assistance, the defendant must "demonstrate that he unknowingly or involuntarily agreed to the plea directly owing to the ineffective assistance of his counsel." Ramirez-Hernandez v. United States, No. 09-CV-4107, 2012 WL 1838286 at *4 (E.D.N.Y. May 21, 2012) (citing Hernandez, 242 F.3d at 113–14).

The Petitioner fails to meet this burden.  First, for the reasons set forth below, Canizales-Ramirez's counsel did not provide ineffective assistance.  To the contrary, defense counsel negotiated a favorable plea agreement, which led to the Petitioner facing a mandatory minimum sentence of five years' imprisonment as opposed to ten years' imprisonment.  Moreover, on the advice of counsel, the Petitioner met with government to provide a complete and truthful statement regarding his involvement in the charged offense, which led the Petitioner to receive a two-level "safety-valve" reduction, for purposes of determining the applicable Guidelines range, resulting in an applicable Guidelines range of 63 to 78 months' imprisonment.  (PSR ¶¶ 24, 31.)  In addition, Canizales-Ramirez did not agree to the plea "unknowingly or involuntarily."  The record makes clear that the Petitioner understood that agreement, including the waiver that prevented him from collaterally attacking his conviction or sentence.  Indeed, the Court's plea colloquy provides ample evidence of his knowing and voluntary plea.  Thus, the Court should enforce the plea agreement and find the instant petition procedurally barred.

III.   THE PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS LACK MERIT AND SHOULD BE DENIED

        For the reasons set forth below, each of the Petitioner's claims of ineffective assistance of counsel is meritless and should be denied.

        A.    Legal Standard

        To prevail on a claim of ineffective assistance of counsel, a petitioner must meet both requirements of the two-pronged test articulated by the Supreme Court.  First, he must demonstrate that counsel's performance, which is measured by an "objective standard of reasonableness," was "deficient" in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  Strickland v. Washington, 466 U.S. 668, 687–88 (1984).  Second, he must show prejudice, specifically, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A petitioner carries a heavy burden when advancing an ineffective assistance of counsel claim.  See States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004).

        In assessing the reasonableness of counsel's performance, judicial scrutiny "must be highly deferential" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  "[T]hat is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances," Kimmelman v. Morrison, 477 U.S. 365, 381 (1986), "bearing in mind that

11

'there are countless ways to provide effective assistance in any given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same way.'" United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689) (alteration omitted).  Because there are many ways to provide effective assistance in any case, the lack of success of a chosen strategy should not cause a court to second-guess an attorney's judgments.  See Cuevas v. Henderson, 801 F.2d 586, 590 (2d Cir. 1986).

To establish prejudice, a petitioner must demonstrate not just "some conceivable effect," Strickland, 466 U.S. at 693, but rather, as noted above, "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006) (quoting Strickland, 466 U.S. at 694).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  "Unlike the determination of trial counsel's performance under the first prong of Strickland, the determination of prejudice may be made with the benefit of hindsight."  Hemstreet v. Greiner, 491 F.3d 84, 91 (2d Cir. 2007) (citation and internal quotation marks omitted).

In ruling on a § 2255 petition, the Court must hold a hearing "unless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to relief."  28 U.S.C. § 2255; see also Pham v. United States, 317 F.3d 178, 185 (2d Cir. 2003). However, the filing of a § 2255 petition "does not automatically entitle the movant to a hearing . . . where the allegations are 'vague, conclusory, or palpably incredible.'" Gonzalez v. United States, 722 F.3d 118, 130–31 (2d Cir. 2013) (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962)).  "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of

12

fact that, if proved at a hearing, would entitle him to relief." Id. at 131 (citing Machibroda, 368 U.S. at 494; United States v. Aiello, 814 F.2d 109 113–14 (2d Cir. 1987)).  "Airy generalities, conclusory assertions and hearsay statements will not suffice." Haouari v. United States, 510 F.3d 350, 354 (2d Cir. 2007) (citation and internal quotation marks omitted).

> B.    The Petitioner's Claims of Ineffective Assistance Should Be Denied

>> 1.    The Petitioner's Claim That Counsel Failed to Provide Documents or Pursue Discovery or Conduct An Investigation Is Meritless

Canizales-Ramirez claims that his counsel (and the government) failed to provide him with certain documents, including the indictment, discovery, transcripts and the PSR.  (Pet. Br. at 1, 4.)  Liberally construed, Canizales-Ramirez's claim also suggests that his counsel failed to pursue discovery or conduct an investigation.   (Pet. Br. at 1–2.) Specifically, the Petitioner states that he and the government's witness, Canizales-Ramirez's then-bunkmate, had never met prior to incarceration.  (Pet. Br. at 1.)  The Petitioner appears to question whether that witness could have credibly testified against him and suggests that defense counsel should have investigated further.  (Pet. Br. at 1.)  For the following reasons, the Petitioner's claims are without merit.

>> a.    Applicable Law

The right to effective assistance of counsel includes the right to an attorney who conducts "reasonable investigations" or makes "a reasonable decision that makes particular investigations unnecessary." Greiner v. Wells, 417 F.3d 305, 320–21 (2d Cir. 2005) (citing Strickland, 466 U.S. at 691).  This duty, however, does not "compel counsel to conduct a comprehensive investigation of every possible lead or defense," United States v.

Caracappa, 614 F.3d 30, 47 (2d Cir. 2010) (citing Strickland, 466 U.S. at 699), or "to scour the globe on the off-chance something will turn up." Rompilla v. Beard, 545 U.S. 374, 383 (2005). "[W]hen there is 'reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.'" Greiner, 417 F.3d at 321 (quoting Strickland, 466 U.S. at 691).

        b.    Discussion

        Here, the Petitioner's self-serving assertion that he did not receive key documents, such as the indictment and PSR, is belied by the proceedings. At the time of his guilty plea, the Petitioner stated, under oath, that he had reviewed and understood the charge to which he was pleading guilty. (Plea Tr. 5:1–6:15.) At his sentencing, the Petitioner stated that he reviewed the PSR with his counsel. (Sentencing Tr. 4:8–14.) With respect to discovery documents, the record is replete with instances where the government provided the Petitioner with discovery documents. (ECF Nos. 15, 26, 36, 39, 49, 53, 54, 56, 57.) While certain of the documents were subject to a protective order, the protective order permitted the Petitioner to review them in the presence of counsel. (ECF No. 44.) Even assuming the Petitioner's assertions that he did not receive or have access to the discovery documents are true, the Petitioner has failed to explain how access to the discovery would have caused him not to plead guilty or prejudiced him in any way. See Yannai v. United States, Nos. 10-CR-594/17-CV-1738 (ERK), 346 F. Supp. 3d 336, 348 (E.D.N.Y. 2018) (finding petitioner's statements were "insufficiently detailed to support his assertion that he might have pleaded guilty if given access" to discovery).

Any claim by the Petitioner that defense counsel failed to pursue discovery or conduct an investigation is likewise meritless. Here, defense counsel moved for disclosure and a bill of particulars. (ECF. No. 40.) In addition, the Petitioner's unsubstantiated allegation suggesting that the government's witness could not have credibly testified against him does not compel a finding that defense counsel failed to conduct a "reasonable investigation." As the Court is aware, in conspiracy cases, a defendant does not need to know the identities of each and every member, nor does he need to have been apprised of all of their activities. Thus, there is "nothing infirm about [defense] counsel's pursuit of discovery or review of the same." Monserrate v. United States, No. 10-CR-965/13-CV-8767, 2014 WL 7179628, at *7 (S.D.N.Y. Dec. 10, 2014) (finding petitioner's claim that his counsel failed to pursue discovery was "belied by the record" where counsel moved for a bill of particulars).

Accordingly, the Court should dismiss the Petitioner's ineffective assistance of counsel claim for failure to provide documents or pursue discovery.

2. **The Petitioner's Claim That Defense Counsel Promised Him a Lower Sentence is Meritless**

The Petitioner next claims that defense counsel improperly advised him of the sentencing consequences of a guilty plea.[9] (Pet. Br. at 2, 4.) The Petitioner implicitly argues

---

[9] The Petitioner inconsistently claims that his defense counsel advised him that he would not get more than four or five years if he pleaded guilty (Pet. Br. at 2, 4) and that he pleaded guilty to get time served and to be deported as soon as possible (Pet. Br. at 2, 5, 6.) With respect to deportation, the Petitioner does not appear to claim that he was not advised of the deportation consequences of his guilty plea. Instead, he appears to claim that he expected deportation to be immediate via a "fast-track deportation." (Pet. Br. at 5.) The government notes, however, that the Office's fast-track program only applies to defendants charged with illegal reentry, in violation of 8 U.S.C. § 1326. See e.g., United States v.

that this alleged misrepresentation renders his guilty plea involuntary and unknowing.  For the following reasons, the Court should reject the Petitioner's argument.

a.    Applicable Law

Where a petitioner asserts that "counsel has misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea."  Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992) (citation and internal quotations marks omitted).  In evaluating a petitioner's claim, the Second Circuit considers whether the plea colloquy was sufficiently clear and thorough to make the petitioner aware of the "actual sentencing possibilities." Ventura, 957 F.2d at 1058.

b.    Discussion

Here, there is no question that the Petitioner was aware of the sentencing consequences of his guilty plea.  During the plea colloquy with the Petitioner, the Court confirmed that the Petitioner understood that he faced a mandatory minimum sentence of five years' imprisonment and a mandatory maximum sentence of 40 years' imprisonment. The Court further confirmed that the Petitioner understood that the parties estimated the applicable Guidelines range to be 78 to 97 months.   (Plea Tr. 11:1-10, 13:4-14:14.) Moreover, the Petitioner affirmed that no one had promised him what his sentence would be. (Plea Tr. 15:17-16:5.)    Because the Petitioner was aware of the actual sentencing possibilities, the Petitioner's claim is meritless.  See Ventura, 957 F.2d at 1058.

---

Martinez-Solorzano, No. 15-CR-545 (CBA).  Here, the Petitioner was not charged with such a crime and thus had no expectation of receiving immediate deportation.

16

3.    The Petitioner's Claim That Counsel Failed to File a Notice of Appeal Is Meritless

Canizales-Ramirez claims that his attorney failed to file a timely notice of appeal following his conviction and sentence.  (Pet. Br. at 5.)  For the following reasons, the Petitioner's argument is without merit.

a.    Applicable Law

Defense counsel's failure to file a timely notice of appeal may render assistance ineffective.  See Hernandez v. United States, 202 F.3d 486, 489 (2d Cir. 2000).  When counsel disregards a defendant's specific instruction to file a timely notice of appeal, and that failure leads to a "forfeiture of a proceeding itself, prejudice will be presumed."  Campusano v. United States, 442 F.3d 770, 773 (2d Cir. 2006) (citing Roe v. Flores-Ortega, 528 U.S. 470, 476–84 (2000)) (citation and quotation marks omitted).  Generally, if defense counsel believes an appeal would be frivolous, counsel must file a brief pursuant to Anders v. California, 386 U.S. 738 (1967).

When a defendant has waived his or her right to appeal in a plea agreement, such an Anders brief must address: "(1) whether the plea and waiver were knowing, voluntary, and competent; (2) whether it would be against the defendant's interest to contest his or her plea; and (3) any issues implicating rights that cannot be, or arguably were not, waived."  Campusano, 442 F.3d at 774 (citation omitted).  "[W]here counsel does not file a requested notice of appeal and fails to file an adequate Anders brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review."  Id. at 775 (citation omitted).  The Court must conduct an evidentiary hearing to determine whether the defendant had requested an appeal.  See id. at 776.  However, the Court may exercise its discretion and decline to hold

a testimonial hearing where defense counsel submits a detailed, credible affidavit contradicting the petitioner's version of events.  Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (affirming denial of habeas petition where district court relied on credible affidavit from defense counsel concerning defendant's failure to testify at trial); see also Campusano, 442 F.3d at 776 (citing Chang, 250 F.3d at 85).

        b.    Discussion

       Here, there is no dispute that neither an appeal nor an Anders brief was filed in this case.  Nevertheless, the Court should exercise its discretion and decline to hold a hearing.  Creizman has submitted an affidavit, which is attached hereto as Exhibit D, contradicting the Petitioner's assertion that he asked Creizman to file a notice of appeal.  Creizman's affidavit details communications he had with the Petitioner, following the Petitioner's sentencing.  Creizman acknowledges that the Petitioner was disappointed by his sentence and "asked about the possibility of appealing it." (Creizman Aff. ¶ 3.)  Creizman further states that he responded by explaining the appellate waiver.  (Id.)  Creizman attests that, at no time, did the Petitioner instruct him to file a notice of appeal, but if the Petitioner had done so, notwithstanding the appellate waiver, he would have filed a notice of appeal. (Creizman Aff. ¶ 4.)  Accordingly, the Petitioner's claim that his defense counsel was ineffective for failing to file a timely notice of appeal is without merit.[10]

---

[10] To the extent that the Petitioner claims that his counsel was ineffective because there was "a violation of his rights to equal protection of the [l]aw," (Pet. Br. at 6.), the claim should be denied because the allegation is vague and conclusory.  See Gonzalez, 722 F.3d at 130–31.

<u>CONCLUSION</u>

For the reasons set forth above, the government respectfully requests that the

Court deny the Petitioner's petition pursuant to 28 U.S.C. § 2255 in full.

Dated:      Brooklyn, New York
            June 28, 2019

                                Respectfully submitted,


                                RICHARD P. DONOGHUE
                                UNITED STATES ATTORNEY
                                Eastern District of New York
                                Attorney for Plaintiff
                                271 Cadman Plaza East
                                Brooklyn, New York 11201


                        By:    /s/ Alicia N. Washington            
                                Alicia N. Washington
                                Assistant United States Attorney
                                (718) 254-6009


cc: Francisco Canizales-Ramirez, Moshannon Valley C.I. (by certified mail)

19