# EXHIBIT B

```
                                                                    1

 1                     UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF NEW YORK
 2
      - - - - - - - - - - - - - - X
 3
      UNITED STATES OF AMERICA,       : 16-CR-00658(CBA)
 4                                    :
                                      :
 5                                    :
            -against-                 : United States Courthouse
 6                                    : Brooklyn, New York
                                      :
 7                                    :
                                      : Friday, April 27, 2018
 8    FRANCISCO CANIZALES-RAMIREZ,    : 3:00 p.m.
      et al.,                         :
 9                                    :
              Defendants.             :
10
      - - - - - - - - - - - - - - X
11
                           TRANSCRIPT OF PLEA
12             BEFORE THE HONORABLE CAROL BAGLEY AMON
                  UNITED STATES DISTRICT COURT JUDGE
13
                          A P P E A R A N C E S:
14
      For the Government:   ROBERT P. DONOGHUE, ESQ.
15                          United States Attorney
                            Eastern District of New York
16                             271 Cadman Plaza East
                               Brooklyn, New York 11201
17                          BY:KARTHIK SRINIVASIN, ESQ.
                               ALICIA WASHINGTON, ESQ.
18                             Assistant United States Attorney

19    For the Defendant:    CREIZMAN PLLC
                            747 Third Avenue, Suite 200
20                          New York, NY 10017
                            BY:ERIC CREIZMAN, ESQ.
21

22
      Court Reporter:  Michele D. Lucchese, RPR
23                     Official Court Reporter
                       E-mail: MLuccheseENDY@gmail.com
24

25


                              MDL    RPR
```

1      THE COURTROOM DEPUTY:  The United States against
2 Canizales-Ramirez.
3      Please state your appearance for the record.
4      MR. CREIZMAN:  Good morning, Your Honor.  Eric
5 Creizman and Melissa Madrigal for Francisco Canizales-Ramirez.
6      MS. WASHINGTON:  Alicia Washington and Karthik
7 Srinivasin for the United States.
8      THE COURT:  Good afternoon.
9      THE COURTROOM DEPUTY:  And the Spanish interpreter,
10 Judge.
11      THE INTERPRETER:  Maristrella Verastegui, previously
12 sworn.
13      THE COURT:  Mr. Creizman, how is it that Mr.
14 Canizales-Ramirez wishes to proceed?
15      MR. CREIZMAN:  Your Honor, he wishes to change his
16 previously entered plea of guilty to a plea of guilty to Count
17 Three of the indictment.
18      THE COURT:  Is it to a lesser included offense of
19 Count Three?
20      MR. CREIZMAN:  Yes, Your Honor.
21      THE COURT:  What is the lesser included offense?
22 Count Three talks about a kilogram.  What would be a lesser
23 included offense?
24      MR. SRINIVASIN:  Your Honor, it would be 100 grams
25 of heroin, which reduces the penalty from the ten-year minimum

Proceedings                                                         3

1  to the five-year minimum.
2           THE COURT:  Okay.
3           Mr. Canizales-Ramirez, your counsel tells me that
4  you wish to enter a guilty plea to an offense included within
5  Count Three of the indictment.  This is a serious decision.  I
6  have to make sure that you understand all of your rights and
7  the consequences of such a plea.  I have to ask you a whole
8  series of questions in order to do that.  I require that your
9  answers to my questions be made under oath, so my courtroom
10 deputy will administer an oath to you to tell the truth.
11          THE COURTROOM DEPUTY:  Please raise your right hand.
12          (Defendant sworn.)
13          THE COURT:  Having been sworn to tell the truth, you
14 have to do that.  If you were to lie on purpose in response to
15 any question that I ask, you could face a further criminal
16 charge for perjury or false statement.  Do you understand
17 that?
18          THE DEFENDANT:  Yes, I understand.
19          THE COURT:  If there is anything that I say that you
20 don't understand, just tell me that you don't understand it,
21 and I will try and make it plainer; is that clear?
22          THE DEFENDANT:  It's clear.
23          THE COURT:  First of all, how old are you?
24          THE DEFENDANT:  Thirty-five years old.
25          THE COURT:  How far in school did you go?

Proceedings                                                         4

1            THE DEFENDANT:  Only elementary.
2            THE COURT:  Can you read and write in your native
3    language?
4            THE DEFENDANT:  Yes, of course.
5            THE COURT:  Are you presently or have you recently
6    been under the care of a doctor, including a psychiatrist, for
7    any reason?
8            THE DEFENDANT:  I'm sorry, I didn't understand.
9            THE COURT:  Have you been under a doctor's care for
10   any reason?  And by doctor, I am including a psychiatrist.
11           THE DEFENDANT:  No.
12           THE COURT:  In the past 24 hours, have you had any
13   pills, drugs, medicine or alcohol of any kind?
14           THE DEFENDANT:  No.
15           THE COURT:  Is your mind clear today?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Counsel, have you discussed the question
18   of a guilty plea with your client?
19           MR. CREIZMAN:  I have, Your Honor.
20           THE COURT:  In your view, does he understand the
21   rights he is waiving by pleading guilty?
22           MR. CREIZMAN:  Yes, I do.
23           THE COURT:  Do you have any question about his
24   competency to proceed?
25           MR. CREIZMAN:  No, Your Honor.

1      THE COURT:  Mr. Canizales-Ramirez, have you had
2  enough time to discuss with your attorney this decision to
3  enter a guilty plea in this case?
4      THE DEFENDANT:  Yes.
5      THE COURT:  Are you satisfied to have him represent
6  you?
7      THE DEFENDANT:  Yes.
8      THE COURT:  Has the charge in Count Three been
9  translated to you before?
10     THE DEFENDANT:  Yes.
11     THE COURT:  And has your attorney explained what it
12 is the Government would have to prove in support of that
13 charge?
14     THE DEFENDANT:  Yes.
15     THE COURT:  Then I will just summarize it for you
16 now.  It says that between July of 2016 and December of 2016,
17 both dates being an approximate and inconclusive within the
18 Eastern District of New York and elsewhere, the defendant
19 Francisco Canizales-Ramirez, together with others, did
20 knowingly and intentionally conspire to distribute and possess
21 with intent to distribute a substance containing heroin.
22     It says that the amount of heroin attributable to
23 you, as a result of your own conduct and conduct that was
24 reasonably foreseeable to you, it says in the current charge
25 was at least one kilogram of heroin.  Apparently, pursuant to

1  a plea agreement, you are pleading guilty to a charge that
2  involves 100 grams or more, not the full kilogram.
3           Do you understand the charge?
4           THE DEFENDANT:  Yes, I understand.
5           THE COURT:  So the Government has charged you with
6  conspiracy.  You can't commit a conspiracy by yourself.  You
7  have to form an agreement with another person, at least one
8  other person, and the object of that agreement, the Government
9  would have to prove, was to distribute and possess with intent
10 to distribute heroin.  They would also have to prove that the
11 conspiracy involved heroin in an amount of 100 grams or more.
12 They have to prove that, they would have to prove each of
13 those elements by proof beyond a reasonable doubt.
14          Do you understand the charge?
15          THE DEFENDANT:  Yes, I understand.
16          THE COURT:  What I want to review with you now are
17 rights that you have.  These are rights that you will give up
18 if you decide to plead guilty.  First of all, you have a right
19 to persist in your original plea of not guilty to this charge,
20 do you understand that?
21          THE DEFENDANT:  Yes.
22          THE COURT:  If you pled not guilty to the charge,
23 you may have a right under the Constitution and the laws of
24 the United States to a speedy trial and public trial before a
25 jury with the assistance of your attorney, do you understand

1  that?

2         THE DEFENDANT:  Yes.

3         THE COURT:  At any trial you would be presumed
4  innocent.  You don't have to prove you are innocent.  It is
5  the Government that has the burden of proof and that is proof
6  beyond a reasonable doubt if you are guilty of the crime
7  charged.  If the Government failed to meet the burden of
8  proof, the jury would have the duty to find you not guilty.
9  Do you understand that?

10         THE DEFENDANT:  Yes, I understand.

11         THE COURT:  In the course of the trial, witnesses
12  for the Government would have to come here to this Court, they
13  would have to testify in your presence.  Your lawyer would
14  have the right to cross-examine those witnesses.  He could
15  raise legal objections to evidence the Government sought to
16  offer against you.  He could offer evidence in your behalf.
17  That would include the right to subpoena witnesses to come to
18  court to testify if he believed those witnesses would be
19  helpful to your case.  Do you understand that?

20         THE DEFENDANT:  Yes.

21         THE COURT:  At trial, you would have the right to
22  testify on your own behalf if you wanted to.  On the other
23  hand, you could not be forced to be a witness at your trial.
24  Under the Constitution and laws of the United States, no
25  person can be made to be a witness against himself.  So if you

1  wanted to go to trial, but you decided not to testify, I would
2  tell a jury they could not hold that against you.  Do you
3  understand?
4             THE DEFENDANT:  Yes, I understand.
5             THE COURT:  Now, if instead of going to trial, you
6  plead guilty to the crime charged, if I accept that guilty
7  plea, you will be giving up your right to a trial and all the
8  other rights I have just discussed.  There will be no trial in
9  this case and no right to an appeal on the question of whether
10 you did or did not commit the offense, I will simply enter a
11 judgment of guilty based upon your plea.  Do you understand?
12            THE DEFENDANT:  Yes, I do.
13            THE COURT:  If you do plead guilty, I am going to
14 have to ask you questions about what you did and that is to
15 satisfy myself that you are guilty of the charge.  You're
16 going to have to answer my questions and admit your guilt.
17 That means you would be giving up your right not to
18 incriminate yourself.  Do you understand?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Are you willing to give up your right to
21 a trial and all the other rights I have just discussed?
22            THE DEFENDANT:  Yes.
23            THE COURT:  All right.  I have before me a plea
24 agreement marked Government Exhibit 1.  It is an eight-page
25 document.

1  Ms. Washington, let me just inquire of you, do you
2  represent on behalf of the United States Attorney's Office
3  that the document before the Court contains the entirety of
4  any understanding that your office has reached with this
5  defendant?
6  MS. WASHINGTON: Yes, I do, Your Honor.
7  THE COURT: Mr. Creizman, is that your understanding
8  as well?
9  MR. CREIZMAN: Yes, Your Honor.
10 THE COURT: All right. Mr. Canizales-Ramirez, was
11 this plea agreement translated to you?
12 THE DEFENDANT: Yes.
13 THE COURT: And did you sign it?
14 THE DEFENDANT: Yes.
15 THE COURT: Now, before you signed it, did you have
16 an opportunity to talk to your lawyer about the various
17 provisions in the agreement?
18 THE DEFENDANT: Yes.
19 THE COURT: Do you understand the provisions in the
20 plea agreement?
21 THE DEFENDANT: Yes.
22 THE COURT: Is there anything at all that is not
23 clear now that you need explained in any further detail to you
24 before we proceed?
25 THE DEFENDANT: Everything is clear.

1   THE COURT: Did the Government make some promise to
2 you that they didn't put in this agreement?
3   THE DEFENDANT: No.
4   THE COURT: Let me just bring one particular part of
5 the agreement to your attention, because it involves giving up
6 another right that you have. At paragraph four, it says: The
7 defendant agrees not to file an appeal or otherwise challenge
8 by petition pursuant to 28 U.S.C. Section 2255, or any other
9 provision, the conviction or sentence in the event that the
10 Court imposes a term of imprisonment of 97 months or below.
11   Now, what I understand that to mean is that if I
12 give you a sentence of 97 months, or something less than 97
13 months, you are agreeing that you will not appeal that
14 sentence to a higher court. Do you understand that?
15   THE DEFENDANT: Yes, I understand.
16   THE COURT: You are also agreeing that you won't
17 come back at a later time and file any other papers, like a
18 habeas corpus petition, challenging your conviction or
19 sentence under that same circumstance if I give you a sentence
20 of 97 months or something less. Do you understand that as
21 well?
22   THE DEFENDANT: Yes.
23   THE COURT: Has anyone threatened or forced you to
24 give up that right?
25   THE DEFENDANT: No.

1 THE COURT: All right. Let me go over with you now
2 the maximum penalty for this offense. The maximum prison term
3 for the offense that you are pleading guilty to is 40 years in
4 prison. Do you understand that?
5 THE DEFENDANT: Yes.
6 THE COURT: There is also a mandatory minimum period
7 of imprisonment of five years. That means that, under the
8 law, I cannot give you less than five years in prison. Do you
9 understand that?
10 THE DEFENDANT: Yes, I understand.
11 THE COURT: There's a provision for supervised
12 release. Supervised release is a period of time that begins
13 after you serve your prison term. So you serve whatever
14 prison term is imposed and then you are released on supervised
15 release, but while you are on supervised release, your conduct
16 is governed by certain conditions, and were you to violate any
17 of the terms and conditions of your supervised release, I can
18 send you back to prison for three years without giving you any
19 credit for the time that you have spent on supervised release.
20 Do you understand that?
21 THE DEFENDANT: Yes, understood.
22 THE COURT: There is a mandatory minimum period of
23 supervised release of four years, meaning I must give you at
24 least four years. The maximum term of supervised release
25 could be lifetime supervised release. Do you understand that?

1           THE DEFENDANT:  Yes.
2           THE COURT:  There are financial penalties associated
3    with this offense.  The maximum fine is $5 million.  In
4    addition, there is a $100 special assessment which is
5    mandatory; I have to impose that $100 special assessment.
6    There are also other penalties.  There is a criminal
7    forfeiture penalty, which means that the Government can
8    forfeit any property that was derived as a result of your
9    criminal activity, and also they can -- the way it's worded,
10   if they can't find property that's directly related to the
11   criminal activity, if they found that that property can't be
12   located or was transferred to a third-party or placed beyond
13   the jurisdiction of the Court, that they can seek forfeiture
14   of other property up to the value of the forfeitable property.
15          What is the amount of the forfeiture that the
16   Government thinks is relevant here?
17          MS. WASHINGTON:  The specific amount has not yet
18   been determined.  We request that the defendant provide a
19   financial statement by May 18th.
20          THE COURT:  All right.  So do you understand the
21   forfeiture provision?
22          THE DEFENDANT:  Yes.
23          THE COURT:  By the way, you would have been entitled
24   to a jury trial on that question of forfeiture as well.  So if
25   you give up your right to a jury trial, you are also giving up

Proceedings                                                    13

your right to have a jury determine what monies should be
forfeited.  Do you understand that?
         THE DEFENDANT:  Yes.
         THE COURT:  Also, you are not a United States
citizen; is that correct?
         THE DEFENDANT:  No.
         THE COURT:  Then that means that pleading guilty to
this offense, you will be deported from the United States.  Do
you understand that?
         THE DEFENDANT:  Yes.
         THE COURT:  Now, one of the important factors in the
Court determining sentence is to determine what your
sentencing guideline would be.  Have you discussed sentencing
guidelines with your counsel and how sentencing guidelines are
calculated?
         THE DEFENDANT:  Yes.
         THE COURT:  All right.  In your agreement, there is
an estimate that your guideline range will be 78 to 97 months.
That's just an estimate.  I can't tell you for certain today
what your guideline range will be because it is my
responsibility to make that calculation.  I don't have enough
information now about the offense and your background to make
that determination, so that is just what the Government thinks
your guideline range may be.  Do you understand that -- on the
date of sentencing, it could turn out to be higher than that.

Proceedings                                                              14

1           Do you understand that?
2           THE DEFENDANT: Yes.
3           THE COURT: Also, in your plea agreement, you have
4    agreed that the total amount of heroin involved in the offense
5    in which you are responsible for is at least one kilogram and
6    you are giving up any hearing on that issue.  Did you
7    understand that you agreed to that in your plea agreement?
8           THE DEFENDANT: Yes.
9           THE COURT: Okay. Now, once I do determine what the
10   guideline range is, it is an important consideration in
11   sentencing, but I'm not required to follow it. I could -- I
12   have to take into account other factors. Some of those
13   factors include the seriousness of the offense, the need to
14   promote respect for the law, to provide just punishment,
15   concerns about deterrence to criminal conduct. I also have to
16   take into account your own personal circumstances. So, as I
17   said, I am not required to give a guidelines sentence. Is
18   that clear?
19          THE DEFENDANT: Yes, I understand.
20          THE COURT: In the federal sentencing system, we
21   have no parole boards or parole commissions, so what that
22   means practically to you is that whatever sentence the Court
23   does impose will be pretty close to the actual amount of time
24   you would have to spend in prison. You don't have the
25   opportunity to appeal to parole boards to get out early

Proceedings                                                      15

1    because there are no parole boards in the federal sentencing
2    system.
3           Do you understand that?
4           THE DEFENDANT:  Yes.
5           THE COURT:  Do you have any questions that you want
6    to ask me about the charge, your rights, or anything else
7    related to this matter that might not be clear?
8           THE DEFENDANT:  No.  Everything is clear.
9           THE COURT:  Counsel, do you know of any reason why
10   your client should not enter a plea of guilty to this charge?
11          MR. CREIZMAN:  No, Your Honor.
12          THE COURT:  Are you ready to plead, Mr.
13   Canizales-Ramirez?
14          THE DEFENDANT:  Yes.
15          THE COURT:  How do you plead to the charge in Count
16   Three, guilty or not guilty?
17          THE DEFENDANT:  Guilty.
18          THE COURT:  Are you making this plea of guilty
19   voluntarily and of your own free will?
20          THE DEFENDANT:  Yes.
21          THE COURT:  Has anyone threatened, forced or
22   pressured you in any way to plead guilty?
23          THE DEFENDANT:  No.
24          THE COURT:  Other than the agreement with the
25   Government, has anyone made you a promise that has caused you

1  to plead guilty?
2         THE DEFENDANT:  No.
3         THE COURT:  Has anyone promised you what sentence I
4  would give you?
5         THE DEFENDANT:  No.
6         THE COURT:  Then I need to hear from you, in your
7  own words, what you did in connection with the crime charged
8  in Count Three.
9         MR. CREIZMAN:  Your Honor, based on discussions that
10 Mr. Canizales-Ramirez and I had, I have prepared a written
11 allocution which he approved and went over.  So if it's okay
12 that he read that, that would be great.
13        THE COURT:  As long as it is his statement, he can
14 read it.
15        MR. CREIZMAN:  Yes, he has adopted it and
16 understands it.
17        THE COURT:  Okay.
18        THE DEFENDANT:  During the period between July and
19 December of 2016, I agreed with others to participate in the
20 distribution of at least 100 grams of heroin and I understood
21 that the heroin could be distributed in any place within the
22 United States, including Brooklyn, New York.
23        THE COURT:  Can you tell me what your role was in
24 this transaction?  You said you agreed with other people to
25 distribute heroin; correct?

1       THE DEFENDANT:  Yes.

2       THE COURT:  So what did you do in connection with
3  this heroin conspiracy?  What actions did you take to make it
4  successful?

5       MR. CREIZMAN:  Your Honor, may I just briefly speak
6  with my client?

7       THE COURT:  Yes.

8       THE DEFENDANT:  Well, I was offered to keep it and
9  then give it to someone else and that person was going to take
10 it to other places.

11      THE COURT:  So you agreed with another person to
12 give heroin to someone else, who was then going to take it and
13 distribute it to other places?

14      THE DEFENDANT:  Yes.

15      THE COURT:  Does the Government think that I need to
16 make any further inquiry?

17      MR. SRINIVASIN:  No, Your Honor.

18      THE COURT:  How about you, Mr. Creizman, do you
19 think I need to make any further inquiry?

20      MR. CREIZMAN:  No, Your Honor.  Thank you.

21      THE COURT:  Based on the information given to me, I
22 find the defendant is acting voluntarily, that he fully
23 understands the charges, rights and the consequences of his
24 plea and that there is a factual basis for the plea.  I,
25 therefore, accept the plea of guilty to the offense within

Proceedings                                                      18

1  Count Three.
2           THE COURTROOM DEPUTY:  Judge, would you like me to
3  read the sentencing schedule?
4           THE COURT:  Yes.
5           THE COURTROOM DEPUTY:  The PSR report to be
6  disclosed July 20th, defendant's sentencing submission August
7  3rd, the Government's response August 10th and sentencing
8  August 17th, 10:00 a.m.
9           THE COURT:  Let me just clarify one other thing, Mr.
10 Canizales-Ramirez.  Do you understand that by entering a
11 guilty plea today that you can't come back to court on the day
12 you are sentenced and tell me that you have changed your mind,
13 that you want to go to trial, did you understand that?
14          THE DEFENDANT:  Yes, I understand.
15          THE COURT:  Okay.  Anything else we need to take up?
16          MS. WASHINGTON:  Nothing from the Government.
17          MR. CREIZMAN:  No, Your Honor.
18          THE COURT:  Okay.
19          (Matter concluded.)
20                    *     *     *     *     *
21 I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.
22
23     /s/ Michele D. Lucchese                May 18, 2017
   _____      _____
24     Michele D. Lucchese                      DATE
25